**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RANDY BAADHIO,

          Petitioner,

      v.

ATTORNEY GENERAL, et al.,

          Respondents.

Civil Action No. 15-2444 (MAS)

**MEMORANDUM AND ORDER**

      A Petition for Writ of Habeas Corpus having been filed in the above action by Petitioner Randy Baadhio, pursuant to 28 U.S.C. § 2241, and the Court having screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; it appearing that Petitioner is challenging the imposition of additional parole terms to a prior state sentence, which should be properly brought under 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001) (finding that challenges to both the validity and execution of a state sentence should proceed under § 2254 because "Section 2254, in contrast to Section 2255, confers broad jurisdiction to hear the petition of any state prisoner 'in custody in violation of federal law'");

      **IT IS** therefore on this 8th day of May, 2015

      **ORDERED** that the Petitioner shall have 30 days from the date of entry of this Order to either (1) submit to the Court an amended petition pursuant to 28 U.S.C. § 2254, using the Court-approved form as directed by L. Civ. R. 81.2(a), or (2) notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, that Petitioner wishes to convert his § 2241 petition into

a § 2254 petition; Petitioner is hereby given notice, per *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), that under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one §2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file an all-inclusive Petition within one year of the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review, *see* 28 U.S.C. § 2244(d); it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank section 2254 form— AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

**ORDERED** that the Clerk's service of the blank section 2254 form shall not be construed as this Court's finding that the motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

*/s/ Michael A. Shipp*
Michael A. Shipp
United States District Judge