UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RANDY BAADHIO, | : | |
| Petitioner, | : | Civil Action No. 15-2444 (MAS) |
| v. | : | **MEMORANDUM OPINION** |
| ATTORNEY GENERAL, et al., | : | |
| Respondents. | : | |

This matter having come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Randy Baadhio, for relief under 28 U.S.C. § 2254. Petitioner is not challenging the validity of his original state conviction and sentence, but instead challenges the imposition of an additional parole term by the State of New Jersey, or in Petitioner's own words, the "unlawful imposition by NJDOC and NJSPB of 1,790 days to my lawful and completed sentence[.]"[1] (Pet. 2, ECF No. 1.) The Court had ordered Respondents to answer, (Order, May 29, 2015, ECF No. 4), and Respondents had filed an answer, (Resp., ECF No. 11).

However, before the Court had decided the matter, Respondents informed the Court, with documented evidence, that Petitioner's parole term had expired. (*See* Parole Termination Certificate, ECF No. 22-1.) In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court held that once the sentence imposed by a revocation of parole had expired, "[t]he reincarceration that [petitioner] incurred as a result of that action is now over, and cannot be undone[,]" and that the collateral consequences courts normally presume for attacks on criminal convictions do not apply to challenges against parole revocations. *Id.* at 8-14. In finding that such a habeas petition would

---

[1] The Court assumes that "NJDOC" refers to the New Jersey Department of Corrections, and "NJSPB" refers to the New Jersey State Parole Board.

1

be moot, the Supreme Court expressly rejected, as speculative, such arguments of collateral consequences as (1) revocation could be used against the petitioner in a future parole proceeding; (2) revocation could be used to increase a future sentence; (3) revocation could be used to impeach him as a witness or litigant in a future legal proceeding; and (4) dismissal of the habeas action would foreclose a damages claim under 42 U.S.C. § 1983 because of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 14-17. Nothing in the instant Petition indicates that Petitioner's claims are distinguishable from those of *Spencer*.

As such, pursuant to the holdings of *Spencer*, the Court dismisses the Petition as moot. *Accord United States v. Robinson*, 39 F. App'x 723, 725 (3d Cir. 2002) (holding that *Spencer* rendered moot a challenge to the revocation of supervised release once the sentence had expired). Furthermore, the Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Likewise, Petitioner's motion for recusal, ECF No. 20, is also dismissed as moot.

_____
Michael A. Shipp, U.S.D.J.

Date: 6/7/16

2